UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Mary B. Cooper

(Name of the plaintiff or plaintiffs)

v.

Timothy F. Geithner
Secretary
Department of the Treasury
(Internal Revenue Service)
(Name of the defendant or defendants)

CIVIL ACTION

N

13CV2643
JUDGE PALLMEYER
MAG. JUDGE SCHENKIER

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.
2. The plaintiff is Mary B. Cooper of the county of Cook in the state of Illinois.
3. The defendant is Timothy F. Geithne Secretary, whose street address is Department of the Treasury (Internal Revenue Service)

(city)______ (county)______ (state)______ (ZIP)______

(Defendant's telephone number) (___) – ______

II The plaintiff sought employment or was employed by the defendant at (street address) 230 South Dearborn Street (city) Chicago (county) Cook (state) IL. (ZIP code) 60604

5. The plaintiff [*check one box*]

(a) ☐ was denied employment by the defendant.

(b) ☒ was hired and is still employed by the defendant.

(c) ☐ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) August, (day)______, (year) 2008.

RECEIVED

APR X 9 2013

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

7.1 *(Choose paragraph 7.1 or 7.2, do NOT complete both.)*

(a) The defendant is not a federal governmental agency, and the plaintiff [*check one box*]

☐ has not ☐ has filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

(i) ☐ the United States Equal Employment Opportunity Commission, on or about (month)__________ (day)______ (year)______.

(ii) ☐ the Illinois Department of Human Rights, on or about (month)__________ (day)______ (year)______.

(b) If charges *were* filed with an agency indicated above, a copy of the charge is ttached. ☐ YES. ☐ NO, **but plaintiff will file a copy of the charge within 14 days.**

It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2 The defendant is a federal governmental agency, and

(a) the plaintiff previously filed a Complaint of Employment Discrimination with the defendant asserting the acts of discrimination indicated in this court complaint.

☒ Yes (month) November (day) 23 (year) 2009

☐ No, did not file Complaint of Employment Discrimination

2. The plaintiff received a Final Agency Decision on (month) January (day) 13 (year) 2013.

c. Attached is a copy of the

a. Complaint of Employment Discrimination,

☒ YES ☐ NO, but a copy will be filed within 14 days.

(ii) Final Agency Decision

☒ YES ☐ NO, but a copy will be filed within 14 days.

8. *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a) ☐ the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue.*

(b) ☐ the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month) January (day) 14 (year) 2013 a copy of which *Notice* is attached to this complaint.

9. The defendant discriminated against the plaintiff because of the plaintiff's [***check only those that apply***]:

(a) ☐ Age (Age Discrimination Employment Act).
(b) ☐ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).
(c) ☐ Disability (Americans with Disabilities Act or Rehabilitation Act)
(d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).
(e) ☐ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).
(f) ☐ Religion (Title VII of the Civil Rights Act of 1964)
(g) ☐ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12. The defendant [***check only those that apply***]

(a) ☐ failed to hire the plaintiff.
(b) ☐ terminated the plaintiff's employment.
(c) ☒ failed to promote the plaintiff.
(d) ☐ failed to reasonably accommodate the plaintiff's religion.
(e) ☐ failed to reasonably accommodate the plaintiff's disabilities.
(f) ☒ failed to stop harassment;
(g) ☐ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;
(h) ☐ other (specify):____________________________________

______________________________________________

______________________________________________

______________________________________________

______________________________________________

______________________________________________________________________

13. The facts supporting the plaintiff's claim of discrimination are as follows:

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

14. [*AGE DISCRIMINATION ONLY*] Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☒ YES ☐ NO

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [***check only those that apply***]

(a) ☐ Direct the defendant to hire the plaintiff.

(b) ☐ Direct the defendant to re-employ the plaintiff.

(c) ☒ Direct the defendant to promote the plaintiff.

(d) ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

(e) ☐ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f) ☐ Direct the defendant to (specify): ______________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

(g) ☒ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☒ Grant such other relief as the Court may find appropriate.

Mary B. Cooper
______________________________________________
Plaintiff's signature

Mary B. Cooper
______________________________________________
Plaintiff's name

Plaintiff's street address 1429 North LaVergne Avenue

City Chicago State IL. ZIP 60651

Plaintiff's telephone number WORK-(312) 291-3533 Home-(773) 379-1834

Date: April 9, 2013

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 77960**
**Washington, DC 20013**

Mary B. Cooper,
Complainant,

v.

Timothy F. Geithner,
Secretary,
Department of the Treasury
(Internal Revenue Service),
Agency.

Request No. 0520120527

Appeal No. 0120121068

Agency No. IRS090314F

## DENIAL

Complainant timely requested reconsideration of the decision in Mary B. Cooper v. Department of the Treasury, EEOC Appeal No. 0120121068 (June 12, 2012). EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. See 29 C.F.R. § 1614.405(b).

## BACKGROUND

In the underlying case, Complainant alleged that the Agency subjected her to harassment in retaliation for her prior protected EEO activity when: (1) on or about October 1, 2008, her manager threatened to write her up; (2) on an unspecified date, her manager did not allow her to serve as an On-the-Job Instructor (OJI) for the new Specialist; (3) in August 2008, her manager told Complainant that she would be the floater; (4) on an unspecified date in 2006, her manager yelled at her loudly and threatened to write her up for insubordination; (5) on an unspecified date, her manager snatched a letter from her hand and refused to give Complainant a copy; (6) on or about January 22, 2009, her manager did not give Complainant a three percent Performance Award; (7) on or about January 22, 2009, her manager verbally threatened Complainant and told her, "If you continue to use an Exam Coordinator and not go directly to the Revenue Agent working the case, you will never get a three percent award;" and (8) on August 27, 2009, the Agency did not select Complainant for the position of Senior

Disclosure Specialist under Vacancy Announcement number 50-18-CL091201. The AJ granted summary judgment in favor of the Agency, and the Agency issued a final order adopting the AJ's decision. The appellate decision affirmed the Agency's final order. The appellate decision found that while it was undisputed that Complainant engaged in prior protected activity, and assuming that management was aware of the prior EEO activity, no reasonable fact finder could conclude that the alleged incidents were motivated by retaliatory animus. With respect to the non-selection, the appellate decision found that the record established that the Agency selected an individual with a higher score than Complainant, and that there was no evidence of discriminatory animus. With respect to Complainant's harassment claim the appellate decision found that Complainant was unable to establish the second element (that the action was due to reprisal) because her prior EEO activity occurred more than three years ago and the selecting official who determined that Complainant was not the best candidate was not aware of Complainant's prior protected activity. With respect to the remaining examples of harassment, the appellate decision found that they did not rise to the level of harassment, or constitute an adverse action.

## ARGUMENTS ON RECONSIDERATION

In her request for reconsideration, Complainant requests that the Commission reconsider and overturn its appellate decision. Complainant argues that summary judgment is inappropriate in the instant matter. She contends that the decision contains errors and misstated facts. In addition to these arguments, Complainant reiterates the arguments from her previous appeal.

## ANALYSIS AND FINDINGS

Complainant is reminded that a "request for reconsideration is not a second appeal to the Commission." Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), Ch. 9 § VII.A. (Nov. 9, 1999). Because Complainant has not put forth any arguments which the Commission finds to be material to the outcome of the underlying decision, or that were not previously considered in rendering the underlying decision, the Commission finds that Complainant has not demonstrated that the underlying decision involved a clearly erroneous interpretation of material fact or law. Neither has Complainant argued or demonstrated that the underlying decision would have a substantial impact on the policies, practices, or operations of the Agency.

## CONCLUSION

After reviewing the previous decision and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(b), and it is the decision of the Commission to deny the request. The decision in EEOC Appeal No. 0120121068 remains the Commission's decision. There is no further right of administrative appeal on the decision of the Commission on this request.

COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0610)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

RIGHT TO REQUEST COUNSEL (Z0610)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request from the Court that the Court appoint an attorney to represent you and that the Court also permit you to file the action without payment of fees, costs, or other security. See Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney with the Court does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File a Civil Action").

FOR THE COMMISSION:

Carlton M. Hadden

Carlton M. Hadden, Director
Office of Federal Operations

JAN 09 2013
Date

## CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to the following recipients on the date below:

Mary B. Cooper
1429 N LaVergne Ave
Chicago, IL 60651

Mariam G. Harvey, Director, EO Programs
Department of the Treasury
Office of Civil Rights and Diversity
1500 Pennsylvania Avenue NW
Attn: Met Square, Suite 445
Washington DC 20220

JAN 0 9 2013
Date

Shannon Williams
Compliance and Control Division